**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAUL ALFREDO SERRANO ARIAS;
LORENA GUADALUPE JIMENEZ-DE
SERRANO,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-72107

Agency Nos.    A206-445-045
A206-489-973

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021**

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Saul Alfredo Serrano Arias and Lorena Guadalupe Jimenez-De Serrano,

natives and citizens of El Salvador, petition for review of the Board of Immigration

Appeals' order dismissing their appeal from immigration judge's decision denying

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings. *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013).  We deny the petition for review.

Substantial evidence supports the agency's determination that the harm petitioners experienced in El Salvador did not rise to the level of persecution.  *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028-29 (9th Cir. 2019) (record did not compel finding that harm rises to the level of persecution where perpetrators took no violent actions against the petitioner or his family beyond threats).

Substantial evidence also supports the agency's determination that petitioners failed to establish the harm they fear would be on account of a protected ground, including a political opinion.  *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (rejecting political opinion claim where petitioner did not present sufficient evidence of political or ideological opposition to the gang's ideals or that the gang imputed a particular political belief to the petitioner), *abrogated in part on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Petitioners' request for oral argument, raised in their opening brief, is denied.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**